OPINION
{¶ 1} Curtis A. Moody appeals from his conviction and sentence following a guilty plea to one count of tampering with evidence in violation of R.C. § 2921.12(A)(1), a third-degree felony.
 {¶ 2} The record reflects that Moody pleaded guilty to the tampering charge in exchange for the dismissal of a crack cocaine possession charge. At the time of his offense, Moody was on post-release control for another crime. The trial court rejected his request for community control and imposed a one-year prison sentence.
 {¶ 3} On January 20, 2004, Moody's court-appointed appellate counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 738, asserting the absence of any issues for our review and seeking permission to withdraw.[1] On January 23, 2004, we issued an order granting Moody sixty days to file a pro se brief assigning any errors for our view. On February 20, 2004, we received from Moody an unsigned piece of paper that states: "Counsel was ineffective for not filing any motions to suppress. [Counsel] failed to challenge any state's evidence[.] [Counsel] failed to present any defense. Told counsel dope was not mine. Counsel said would get probation if plead guilty. Would have taken case to trial if counsel would have used information I gave him." Having received no other briefing from Moody, we will treat this correspondence as his response to our January 23, 2004, order.
 {¶ 4} Upon review, we conclude that Moody has not raised any potentially meritorious issues for appellate review. Although Moody complains that his attorney failed to file a motion to suppress or present a defense, his guilty plea impedes our inquiry into these issues. In short, the limited record before us does not reveal any basis for suppressing any evidence. Nor can we determine, based on the present record, whether Moody had any viable defense that his attorney may have overlooked. In addition, Moody's claim that his attorney promised him probation is belied by his testimony at his plea hearing. When entering his guilty plea, Moody denied that anyone had made him any promises. Finally, the record does not reveal what "information" Moody may have given his attorney or how this information could have been used. Because Moody's arguments depend on evidence outside the record, they are more suitable to review in post-conviction proceedings (to the extent that they have not been waived by his guilty plea) rather than on direct appeal.
 {¶ 5} Finally, we thoroughly have examined the record of the proceedings in this case, including a videotape of Moody's plea and sentencing hearings, and we agree with the assessment of appellate counsel that there are no meritorious issues for appellate review. Appellate counsel's request to withdraw is granted and the trial court's judgment is affirmed.
Fain, P.J., and Wolff, J., concur.
[1] Appellate counsel did suggest, however, that Moody's conviction is against the manifest weight of the evidence. In light of Moody's guilty plea, we find no merit in this argument.